UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT ALLEN MCCRYSTAL, | ) | CASE NO. 1:22-cv-1072 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff, Scott Allen McCrystal, commenced this action to appeal a final administrative decision denying his application for disability benefits. (Doc. No. 1 (Complaint).) On December 21, 2022, this Court ordered, upon the parties' stipulation, the action remanded to the Commissioner for further administrative proceedings pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 11 (Order); *see* Doc. No. 10 (Joint Proposed Stipulation to Remand).) On August 21, 2023, upon the parties' stipulation, the Court awarded $4,000.00 in attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 13 (Order); Doc. No. 14 (Judgment Entry); *see* Doc. No. 12 (Joint Proposed Stipulation for EAJA Fees).)

On remand, plaintiff was found disabled and awarded past due benefits in the amount of $113,115.70 for April 2019 through July 2024. (Doc. No. 15-1 (Notice of Award), at 1–3.[1]) In its

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

notice informing plaintiff of his entitlement to past-due benefits, the Social Security Administration advised plaintiff that it was withholding $28,278.93 in benefits, representing an award of attorney's fees equal to 25% of the total amount of past due benefits to which plaintiff is entitled. (*Id*. at 4.) Administrative Law Judge Amy Budney authorized a total of $15,000.00 in attorney's fees for administrative-level services performed by Attorneys Paulette Balin and Mark Dlugopolsky. (Doc. Nos. 15-2 & 15-3 (Fee Authorizations).)

The matter is presently before the Court on a motion for authorization of attorney's fees, pursuant to 42 U.S.C. § 406(b), filed by Attorney Matthew Shupe for work performed in federal court. (Doc. No. 15 (Motion), at 1.) Defendant, Commissioner of Social Security, has filed a response, in which defendant takes no position on the appropriateness of the requested award. (Doc. No. 17 (Response), at 1.) In the motion, counsel requests fees in the amount of $13,278.93. (Doc. No. 15, at 1–2.) Counsel also acknowledges the previous award of attorney's fees under the EAJA and represents that he will repay his client the previously awarded EAJA fees to avoid a double recovery. (*Id*. at 9.) *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) (noting that where an attorney receives attorney's fees under the EAJA and the Social Security Act, "the attorney must refund the amount of the smaller fee to the claimant" (quotation marks and citations omitted)).

To be entitled to an award under § 406(b), an attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnard*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases." *Id*. A 25% contingency fee agreement "should be given weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A deduction of a contingency fee award may be appropriate when (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hays v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).

An award will not be considered improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. Accordingly, the Court will not find that a contingency fee agreement has generated a windfall to the attorney where "the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

Here, counsel and plaintiff have a contingency fee agreement which provides that attorney's fees will be 25% of plaintiff's past-due benefits. (Doc. No. 15-4 (Contingency Fee Agreement), at 1.) The submitted time sheets show that Attorney Mathew Shupe spent a total of

18.7 hours representing plaintiff in federal court. (Doc. No. 15-5 (Time Sheets), at 1.)² The fee sought by counsel of $13,278.93 translates into a hypothetical hourly rate of $710.10, which is slightly more than twice Attorney Shupe's hourly rate of $350.00. (*See* Doc. No. 15-6 (Affidavit of Matthew J. Shupe), at 1.) Courts in this district have previously determined that comparable hypothetical hourly rates are not excessive or represent impermissible windfalls to attorneys. *See, e.g., Bullock v. Comm'r of Soc. Sec.*, No. 1:15-cv-2158, 2020 WL 264258, at *3 (N.D. Ohio Jan. 17, 2020) (awarding contingent fee amount representing a hypothetical hourly rate of $898.52 for Attorney Shupe); *Reynolds v. Comm'r of Soc. Sec.*, No. 3:15-cv-2370, 2019 WL 479116, at *4 (N.D. Ohio Feb. 7, 2019) (awarding contingency agreement fee amount representing a hypothetical hourly rate of $901.40 for Attorney Shupe); *Green v. Comm'r of Soc. Sec.*, 1:14-cv-358, 2017 WL 3394738, at *3 (N.D. Ohio Aug. 8, 2017) (awarding Attorney Shupe fees under § 406(b) representing a hypothetical hourly rate of $790.58); *Martin v. Comm'r of Soc. Sec.*, No. 3:18-cv-219, Doc. No. 28 (N.D. Ohio Mar. 20, 2024) (awarding contingent fee amount representing a hypothetical hourly rate of $799.36). Moreover, there have been no allegations, nor has the Court found any instances, of improper conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fees. Quite the contrary, plaintiff was well represented by counsel in this case, and while counsel achieved an excellent result for his client, the award is not inordinately large. Accordingly, the Court finds that counsel has satisfied his burden of demonstrating the reasonableness of the requested fee.

For the reasons set forth herein, the Court hereby grants the motion and awards attorney's fees in the amount of $13,278.93 under 42 U.S.C. § 406(b), provided that plaintiff's attorney

---

² The Court finds the number of hours claimed and the nature of the legal services rendered to be reasonable. (*See Id.*)

refunds to plaintiff $4,000.00 in attorney's fees previously awarded under the EAJA.

    **IT IS SO ORDERED**.

Dated: September 5, 2025

                                       **HONORABLE SARA LIOI**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**